# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-03046-RGK-JC | Date | April 10, 2020 |
|---|---|---|---|
| Title | *Academy of Country Music v. Continental Casualty Company et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Remanding Action to State Court

    On February 24, 2020, Plaintiff Academy of Country Music ("Plaintiff") filed a Complaint in state court against Defendant Continental Casualty Company ("Defendant"), alleging that Defendant is contractually obligated to provide insurance coverage in connection with an arbitration captioned as *Romeo v. Academy of Country Music*, Jams Case No. 1220055185. Plaintiff served the Complaint (and a Corrected Complaint) on Defendant on March 4, 2020. On April 1, 2020, Defendant removed the action to this Court, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332.

    28 U.S.C. § 1332 provides that district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54 (2014). If the plaintiff contests, or the court questions, the defendant's allegation, the defendant must establish that the jurisdictional requirement has been met by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

    Plaintiff's Complaint is silent as to the precise amount of damages sought. However, Defendant asserts that "[t]he matter in controversy exceeds $75,000." (Notice of Removal ¶ 9, ECF No. 1.) In support of this assertion, Defendant states only:

> [Plaintiff] seeks damages for insurance coverage in connection with an underlying lawsuit captioned *Romeo v. Academy of Country Music*, Jams Case No. 1220055185. See also Exhibit A, Corrected Complaint ¶¶ 28-29 (alleging damages "in an amount exceeding the Court's jurisdictional limits", as well as attorneys' fees, interest, and

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS-6

| Case No. | 2:20-cv-03046-RGK-JC | Date | April 10, 2020 |
|---|---|---|---|
| Title | *Academy of Country Music v. Continental Casualty Company et al* | | |

punitive damages) and Prayer for Relief ¶¶ 1-3. Prior to the commencement of this case, the Academy made a demand on Continental seeking an amount in excess of $75,000

(*Id.*)

The Court is not satisfied that Defendant has satisfied its burden to show that the amount in controversy meets the jurisdictional requirement. Defendant makes no attempt to calculate damages, nor does it offer evidentiary support as to the existence and amount of punitive damages. The Court is unable to find a plausible allegation that the amount in controversy has been met. That Plaintiff's Complaint alleges damages "in an amount exceeding the Court's jurisdictional limit" is not persuasive, given that this likely refers to the jurisdictional limit of $25,000 for unlimited civil cases in California state court. There is nothing from which the Court could conclude that this reference to the "jurisdictional limit" refers to the jurisdictional limit for diversity jurisdiction.

The fact that Plaintiff, at one time, made a settlement demand in excess of $75,000 does not alter the result that the amount in controversy has not been established. A settlement demand is "relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim," but it is not dispositive. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Here, Defendant offers no evidence to suggest that Plaintiff's demand reasonably estimates the value of its claims. "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. Thus, the Court concludes that it lacks subject matter jurisdiction over this case.

Accordingly, this case is hereby **REMANDED** to state court.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | | VRV |