Kirk A. Pasich (SBN 94242)
KPasich@PasichLLP.com
Kayla M. Robinson (SBN 322061)
KRobinson@PasichLLP.com
PASICH LLP
10880 Wilshire Blvd., Suite 2000
Los Angeles, California 90024
Telephone: (424) 313-7860
Facsimile: (424) 313-7890

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACADEMY OF COUNTRY MUSIC, a California nonprofit corporation, <br><br> Plaintiff, <br><br> v. <br><br> CONTINENTAL CASUALTY COMPANY, an Illinois corporation; and DOES 1 through 10 <br><br> Defendants. | Case No. 2:20-cv-03046 PLA <br><br> Honorable Paul L. Abrams <br><br> **STIPULATED PROTECTIVE ORDER** |

1. **General**

   1.1 **PURPOSES AND LIMITATIONS**

   Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than pursuing this litigation may be warranted.

   Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all

disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

### 1.2 GOOD CAUSE STATEMENT

This Action is likely to involve discovery of the insured's financial information, confidential agreements with third parties, and details of the insured's operations, as well as Continental's insurance policy terms and conditions, and the parties' internal policies and procedures for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.

Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a

confidential, non-public manner, and there is good cause why it should not be part of the public record of this case. Neither party has yet agreed that any particular document or type of document is subject to protection hereunder and reserve all rights to object to a designation.

2. **DEFINITIONS**

    2.1   **Action**: this pending federal lawsuit.

    2.2   **Challenging Party**: a Party or Non-Party that challenges the designation of information or items under this Order.

    2.3   **"CONFIDENTIAL" Information or Items**: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

    2.4   **Counsel**: Outside Counsel and House Counsel (as well as their support staff).

    2.5   **Designating Party**: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

    2.6   **Disclosure or Discovery Material**: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained including, among other things, testimony, transcripts, and tangible things that are produced or generated in disclosures or responses to discovery in this matter.

    2.7   **Expert**: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

    2.8   **House Counsel**: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel.

**2.9 Non-Party**: any natural person, partnership, corporation, association or other legal entity not named as a Party to this Action.

**2.10 Outside Counsel**: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action including those who have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, including support staff.

**2.11 Party**: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staffs).

**2.12 Producing Party**: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

**2.13 Professional Vendors**: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.14 Protected Material**: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

**2.15 Receiving Party**: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3. SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might

reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities. This Order does not govern the use of Protected Material at trial.

4. **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. **DESIGNATING PROTECTED MATERIAL**

5.1 **Exercise of Restraint and Care in Designating Material for Protection**. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on

other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

**5.2   Manner and Timing of Designations**.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection will be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the

Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition or in writing within thirty (30) days of the receipt of the transcript.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 **Inadvertent Failures to Designate**. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 **Timing of Challenges**. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 **Meet and Confer**. The Challenging Party shall

1  initiate the dispute resolution process under Local Rule 37-1, et seq. Any
2  discovery motion must strictly comply with the procedures set forth in
3  Local Rules 37-1, 37-2, and 37-3.
4        **6.3**    <u>Burden</u>. The burden of persuasion in any such challenge
5  proceeding shall be on the Designating Party.  Frivolous challenges, and
6  those made for an improper purpose (e.g., to harass or impose
7  unnecessary expenses and burdens on other parties) may expose the
8  Challenging Party to sanctions.  Unless the Designating Party has
9  waived or withdrawn the confidentiality designation, all parties shall
10 continue to afford the material in question the level of protection to
11 which it is entitled under the Producing Party's designation until the
12 Court rules on the challenge.
13       **7.**    <u>**ACCESS TO AND USE OF PROTECTED MATERIAL**</u>
14       **7.1**    **<u>Basic Principles</u>**.  A Receiving Party may use
15 Protected Material that is disclosed or produced by another Party or by a
16 Non-Party in connection with this Action only for prosecuting, defending
17 or attempting to settle this Action.  Such Protected Material may be
18 disclosed only to the categories of persons and under the conditions
19 described in this Order.  When the Action has been terminated, a
20 Receiving Party must comply with the provisions of section 13 below
21 (FINAL DISPOSITION).
22     Protected Material must be stored and maintained by a Receiving
23 Party at a location and in a secure manner that ensures that access is
24 limited to the persons authorized under this Order.
25       **7.2**    **<u>Disclosure of "CONFIDENTIAL" Information or</u>**
26 **<u>Items</u>**. Unless otherwise ordered by the Court or permitted in writing by
27 the Designating Party, a Receiving Party may disclose any information
28 or item designated "CONFIDENTIAL" only to:

1       (a)    the Receiving Party's Outside Counsel, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

4       (b)    the officers, directors, and employees (including House Counsel) of the Receiving Party and as necessary and in confidence to their respective auditors, regulators, insurers, reinsurers or financial and tax advisors to whom disclosure is reasonably necessary for this Action;

9       (c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

12      (d)    the Court and its personnel;

13      (e)    court reporters and their staff;

14      (f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

18      (g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

21      (h)    during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected

Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i) any mediators or settlement officers and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(j) any other person that the Designating Party agrees to in writing.

7.3. Before disclosure of Confidential Material to any person in categories f, h, i, and/or j above, each such person will be provided with a copy of this Protective Order and shall execute a Non-Disclosure Agreement (Exhibit A). The qualified persons listed above shall not distribute, disclose, or otherwise publish or make available Confidential Material to any third person unless consented to in writing by the Designating Party, or permitted to do so by the Court. Storing documents on a Party's internal electronic document management system is sufficient to comply with the requirements of the Protective Order, regardless of whether other officers, directors or employees of a Party not involved in the Action have access to the document management system..

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the

10
**STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER**

1 subpoena or order to issue in the other litigation that some or all of the
2 material covered by the subpoena or order is subject to this Protective
3 Order. Such notification shall include a copy of this Stipulated
4 Protective Order; and

5       (c) cooperate with respect to all reasonable procedures
6 sought to be pursued by the Designating Party whose Protected Material
7 may be affected.

8 If the Designating Party timely seeks a protective order, the Party
9 served with the subpoena or court order will not produce any information
10 designated in this action as "CONFIDENTIAL" before a determination
11 by the court from which the subpoena or order issued, unless the Party
12 has obtained the Designating Party's permission. The Designating Party
13 will bear the burden and expense of seeking protection in that court of its
14 confidential material and nothing in these provisions should be
15 construed as authorizing or encouraging a Receiving Party in this Action
16 to disobey a lawful directive from another court.

17 **9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT</u>**
18       **<u>TO BE PRODUCED IN THIS LITIGATION</u>**

19       (a) The terms of this Order are applicable to information
20 produced by a Non-Party in this Action and designated as
21 "CONFIDENTIAL." Such information produced by Non-Parties in
22 connection with this litigation is protected by the remedies and relief
23 provided by this Order. Nothing in these provisions should be construed
24 as prohibiting a Non-Party from seeking additional protections.

25       (b) In the event that a Party is required, by a valid
26 discovery request, to produce a Non-Party's confidential information in
27 its possession, and the Party is subject to an agreement with the Non-
28 Party not to produce the Non-Party's confidential information, then the

11
**STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER**

Party shall:

  (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

  (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

  (3) make the information requested available for inspection by the Non-Party, if requested.

 (c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

 **10.** **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

If a Producing Party inadvertently produces information or documents that it considered privileged, in whole or in part, it may retrieve such information or documents or parts thereof as follows:

(a) Within twenty (20) days of the discovery of the inadvertent production, and no later than forty-five (45) days prior to trial, the Producing Party must give written notice to all parties who received copies of the produced document that the Producing Party claims said document, in whole or in part, to be privileged and must state the nature of the privilege; in the event that only part(s) of document(s) are claimed to be privileged, the Producing Party shall furnish redacted copies of such privileged documents, removing only the part(s) thereof claimed to be privileged, to all parties together with the notice (the "Inadvertent Production of Privileged Materials Notice").

(b) Upon receipt of such Inadvertent Production of Privileged Materials Notice, all parties who have received copies of the inadvertently produced document(s) shall promptly return them to the Producing Party and destroy any other copies thereof except to the extent reasonably necessary to promptly present the information to the court under seal for a determination of the claim pursuant to Federal Rule of Civil Procedure 26(b)(5)(B).

(c) After service of such notice, no motion to compel the production of the inadvertently produced privileged documents may rely

1 on an allegation that any privilege as to the document was waived solely
2 by virtue of its inadvertent production.

3     **12. MISCELLANEOUS**

4        **12.1 Right to Further Relief**. Nothing in this Order
5 abridges the right of any person to seek its modification by the Court in
6 the future.

7        **12.2 Right to Assert Other Objections**. By stipulating to
8 the entry of this Protective Order, no Party waives any right it otherwise
9 would have to object to disclosing or producing any information or item
10 on any ground not addressed in this Stipulated Protective Order.
11 Similarly, no Party waives any right to object on any ground to use in
12 evidence of any of the material covered by this Protective Order.

13        **12.3 Filing Protected Material**. A Party that seeks to file
14 under seal any Protected Material must comply with Civil Local Rule 79-
15 5. If the Party seeking to file under seal any Protected Material is not the
16 Party who designated the material as Protected Materials, the
17 Designating Party must comply with Civil Local Rule 79-5. Protected
18 Material may only be filed under seal pursuant to a court order
19 authorizing the sealing of the specific Protected Material at issue; good
20 cause must be shown in the request to file under seal. If a Party's
21 request to file Protected Material under seal is denied by the Court, then
22 the Receiving Party may file the information in the public record unless
23 otherwise instructed by the Court.

24     **13. FINAL DISPOSITION**

25     After the final disposition of this Action, within 60 days of a written
26 request by the Designating Party, each Receiving Party must return all
27 Protected Material to the Producing Party or destroy such material. As
28 used in this subdivision, "all Protected Material" includes all copies,

14
**STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER**

abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

## 14. **VIOLATION**

Any willful violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions, or other appropriate action at the discretion of the Court.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: September 15, 2021     CNA COVERAGE LITIGATION GROUP

By: */s/ Robert C. Christensen*
Robert C. Christensen
Attorneys for Defendant

DATED: September 15, 2021      PASICH LLP

By: /s/ Kayla M. Robinson
Kayla M. Robinson
Attorneys for Plaintiff

*Filer Attestation:*

Pursuant to Local Rule 5-4.3.4, I, Kayla M. Robinson, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: September 15, 2021      PASICH LLP

By: */s/ Kayla M. Robinson*
Kayla M. Robinson

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: September 20, 2021

HON. PAUL L. ABRAMS
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [full name], of _____ [full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Academy of Country Music v. Continental Casualty Company*, Case No. 2:20-cv-03046. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

I hereby appoint _____ [full name] of _____ [full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.

**Date:** _____
**City and State where signed:** _____
**Printed name**: _____

**Signature**: _____